IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RAZIEL BRIAH, also known as
Scott Smith,

       Plaintiff,　　　　　　　　　　　　　　　　No. 3:16-cv-00924-HZ

  v.　　　　　　　　　　　　　　　　　　　　　　OPINION & ORDER

STEPHANIE MAYA LOPEZ,

       Defendant.


Raziel Briah
6000 NE 80th Ave.
Portland, OR 97218

    Pro Se Plaintiff


HERNÁNDEZ, District Judge:

    On May 26, 2016, Raziel Briah filed an application to proceed *in forma pauperis* ("IFP") [1], a complaint [2], and a motion for appointment of pro bono counsel [3]. For the reasons stated, Briah's application to proceed IFP is granted, his motion for appointment of counsel is

1 - OPINION & ORDER

denied, and his complaint is dismissed. Mr. Briah may file an amended complaint that addresses the deficiencies in his complaint that the Court identifies below, should he desire to do so.

## STANDARDS

In connection with IFP actions such as this, district courts are obligated to dismiss *sua sponte* actions that are frivolous or malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Courts have a duty to liberally construe a *pro se* plaintiff's pleadings, but a court cannot supply essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint must contain a short and plain statement of the claim and factual matters that, if accepted as true, are sufficient to state a facially plausible claim. FED. R. CIV. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citation omitted). A complaint states a plausible claim where the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When a court dismisses a complaint for failure to state a claim, the court should grant leave to amend "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks and citation omitted).

A district court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). There is not, however, a constitutional right to counsel in a civil case, and 28 U.S.C § 1915 does not "authorize the appointment of counsel to involuntary service." United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004)

(quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Id. Neither factor is dispositive; they must be viewed together before ruling on a request for counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Mr. Briah's complaint alleges that Defendant Stephanie Maya Lopez "participated in a mental evaluation" of Briah. Compl. at 3. Briah alleges that there "were lies" on Dr. Lopez's evaluation, and that Ms. Lopez "put things in the report we never talked about" in an attempt to slander Briah's character. Compl. at 3. Briah also alleges that Dr. Lopez prescribed him the wrong medication. Compl. at 3. Finally, Briah alleges that Dr. Lopez "made false claims that [resulted]" in a deterioration of his mental status, causing him "pain and suffering." Briah alleges that this Court has diversity jurisdiction over his "medical discrimination" claim. Compl. at 2–3.

As currently stated, Briah's complaint is dismissed sua sponte for lack of subject matter jurisdiction and for failure to state a claim.

Federal district courts are courts of limited jurisdiction, meaning they can only hear certain types of cases. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("[Federal courts] possess only that power authorized by Constitution and statute[.]"). As a general rule, there are two ways to invoke a district court's subject matter jurisdiction: by raising a so-called "federal question" or by bringing a suit in which the plaintiff and all defendants are residents of different states and the amount in controversy is more than $75,000 ("diversity jurisdiction"). Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

Federal question jurisdiction is controlled by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). In other words, to invoke federal question jurisdiction, the plaintiff must plead in the complaint that the defendant has violated some federal constitutional or statutory provision.

Diversity jurisdiction requires that all plaintiffs be citizens of different states than all defendants. Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939). To establish diversity jurisdiction, Plaintiffs must allege that they are citizens of one state, that all of the Defendants are citizens of other states, and that the damages are more than $75,000. Hastings v. DHS, Child Welfare Gresham Branch, No. 03:12-CV-741-HZ, 2012 WL 2572774, at *2 (D. Or. July 3, 2012).

Broadly construed, Briah's complaint seems to allege a medical malpractice or defamation claim against Dr. Lopez. Those are tort claims controlled by state law. Stevens v. Bispham, 316 Or. 221, 227, 851 P.2d 556, 560 (1993) (setting out the elements of a medical malpractice claim); Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Starplex Corp., 220 Or. App. 560, 584, 188 P.3d 332, 347 (2008) (citation omitted) (setting out the elements of a

defamation claim). Accordingly, Briah's claims do not "arise under" federal law, and thus do not invoke the court's federal question jurisdiction.

Nor does Briah's complaint invoke the Court's diversity jurisdiction, because both he and Dr. Lopez are residents of Oregon. Briah alleges in his complaint that Dr. Lopez is both a resident of Oregon and Iowa. Compl. at 3. However, the mailing address Briah provided for Dr. Lopez lists a post office box in Keizer, Oregon, and the Court's own research indicates that Dr. Lopez operates a medical practice in Oregon and is a professor at Oregon Health Science University ("OHSU"). See Fellows and Faculty, OHSU Department of Psychiatry, http://www.ohsu.edu/xd/education/schools/school-of-medicine/departments/clinical-departments/psychiatry/education-and-training/training-programs/forensic-psychiatry-fellowship/fellows-and-faculty.cfm (last visited June 9, 2016). Because it appears that Dr. Lopez and Briah are both residents of Oregon, diversity jurisdiction does not exist.

Finally, the civil cover sheet accompanying Briah's complaint indicated that he sought to bring his claims under the False Claims Act. The False Claims Act creates liability for any person who knowingly submits a false claim to the government, or acts improperly to avoid having to pay money to the government. 31 U.S.C.§§ 3729(a)(1)(A), (B), (G). A claim is defined as "any request or demand, whether under a contract or otherwise, for money or property . . . that— (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest." 31 U.S.C.§ 3729(b)(2).

To the extent Briah relies on the False Claims Act, his claims fail as a matter of law for several reasons. First, only the government can bring a lawsuit under the False Claims Act, except in very narrow circumstances not applicable here. Second, none of Briah's allegations fit

under the statute because they do not involve money or property. Third, Briah does not allege any involvement by the government in his claims. The False Claims Act simply does not apply. Rather, as stated above, Briah's complaint seems to allege defamation and medical malpractice, which are common law tort claims controlled by Oregon law. The Court does not have jurisdiction over those claims as currently stated.

Accordingly, Mr. Briah's complaint is dismissed for lack of subject matter jurisdiction and for failure to state a valid claim for relief. FED. R. CIV. P. 8(a); Iqbal, 556 U.S. at 677–78. If Briah has additional factual allegations that address the problems the Court has identified, he may file an amended complaint within 30 days of the date listed below.

Finally, Briah's motion for appointment of counsel is denied. In some special cases, a court can appoint pro bono counsel in a civil case. To do so, the court must consider the likelihood of success on the merits and the complexity of the legal issues involved in the case. Palmer, 560 F.3d at 965. As currently stated, Briah's complaint does not contain information sufficient for the Court to construe a valid claim, much less to assess the complexity of the legal issues involved or the likelihood of success on the merits. Should Briah choose to file an amended complaint, he may file another motion for appointment of counsel at that time.

//
//
//
//
//
//
//

CONCLUSION

For the reasons stated, Mr. Briah's application to proceed in forma pauperis [1] is granted and his IFP status is confirmed. His complaint [2] is dismissed sua sponte without prejudice for failing to state a valid claim, and his motion for appointment of counsel [3] is denied. Mr. Briah may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this 24 day of June, 2016.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

7 - OPINION & ORDER